New York County.— HON. D. C. CALVIN, Surrogate.— September, 1877.

## Matter of Haskett.

*In the matter of the estate of* William J. Haskett, *deceased.*

Since the enactment of the act of 1870 (1 Laws of 1870, ch. 359, § 10, p. 828), the Surrogate of New York County has no authority to direct the payment of debts by a collector of an estate, other than as prescribed in that statute, and the power to do so must be exercised according to the provisions of section ten thereof, and after one year shall have elapsed since the collector's appointment.

Upon an order obtained by a creditor of the estate, to show cause why the collector, or special admin-

istrator, should not pay a claim for rent of premises leased to the deceased in his life time, the moving papers showed that the collector had funds sufficient to pay. It appeared by way of defence to the motion that the amount of the debts of the estate was not known to the collector; that he was unable to determine whether there would be sufficient funds to pay or not; that the collector was appointed on the 9th day of April, 1877; and that the money in his possession, if the will of the testator should be admitted to probate, would not be applicable to the payment of the debts, being proceeds of rents of real estate; and that the petitioner had no preference over other creditors.

THE SURROGATE. — Though the amount involved in this proceeding is small, it seems to me an appropriate case for the settlement of the authority of special collectors, which appears to be generally misunderstood by the profession.

Under the Revised Statutes (2 R. S., 76, § 2), the authority of a collector is declared to be to collect the goods, chattels, personal estate and debts of the deceased, and secure the same, and, under the direction of the Surrogate, to sell such goods as may be deemed necessary for the preservation and benefit of the estate, after their appraisal.

By section 44 (2 R. S., 77), such collector is required, within ten days after receipt of money, to deposit, &c.

By section 51 (2 R. S., 77), he is forbidden to sell or transfer any of the personal property of the deceased, except on order of the Surrogate, which shall be made on notice to the parties interested.

It will be observed that the statute contains no authority to pay the debts of the estate, but the collector is only required to preserve and collect the goods, &c., of the estate.

By section 10 of chapter 359 of the Laws of 1870 (1 *Laws of* 1870, p. 828), the surrogate of this county is given power, after six months shall have elapsed from the granting of such special letters, to authorize and direct such collector to publish a notice for claims, as executors and administrators are authorized to do, and the Surrogate is empowered, after one year shall have elapsed from the granting of such letters, upon the application of such collector, or of any creditor, and upon proof that the debts owing do not exceed the assets, to direct the payment of any debt, or proportionate part thereof, due from said estate.

Whatever may have been the supposed implication of power, from the former statutes, of the Surrogate to direct and control a special administrator, the language of the act of 1870 seems to leave no room for doubt that the Surrogate has no power to direct the payment of debts by a collector, except by virtue of the latter statute, and that that power must be exercised according to the terms of section 10 thereof, and after one year shall have elapsed since the appointment of such collector.

Without considering the question whether the collector in this matter has assets sufficient to pay the debt of the petitioner, as well as all the claims against the estate, the motion must be denied for want of power on the part of this court to direct any such payment.

Ordered accordingly.